**SECURITY PACIFIC BANK OF WASHINGTON, Plaintiff,**

v.

**SEPTEMBER MORN, Off. No. 570599, (formerly Fantasea), her Engines, Machinery, Appurtenances, etc.; and James W. Summers, Diane Summers, and their marital community, Defendants.**

**No. C90–386R.**

United States District Court,
W.D. Washington,
at Seattle.

Oct. 26, 1990.

Dwight L. Guy, Seattle, Wash., for plaintiff.

Lynn Bahrych Squires, Helsell, Fetterman, Martin, Todd & Hokanson, Seattle, Wash., for defendants.

ORDER SETTING LIEN PRIORITY, AWARDING ATTORNEYS' FEES, DEFAULT IN REM, FORECLOSING MARINE MORTGAGES, AND DIRECTING SALE

ROTHSTEIN, Chief Judge.

THIS MATTER comes before the court on plaintiff's motions for summary judgment in rem, an order of default in rem, an award of attorney fees, an order of sale, and an order establishing maritime lien priority. Having reviewed the motions, together with all documents filed in support and in opposition thereto, the court finds and rules as follows:

## FACTUAL BACKGROUND

James W. Summer is the owner of the September Morn (formerly the Fantasea). Summer executed two promissory notes in favor of plaintiff, each secured by a preferred marine mortgage on the September Morn.

Robert E. Landweer & Company, Inc. ("Landweer") was employed to secure, prepare and file various documents in connection with each of the marine mortgages. Landweer recorded a Notice of Claim of Lien for these services on March 5, 1990.

Mr. Summer defaulted on the promissory notes. On March 16, 1990, plaintiff began the instant action in rem and in personam to foreclose the mortgages. The September Morn was arrested on March 19, 1990, with notice thereof being given by publication. Notice of the action was also given by service on James Summers and the offices of Landweer. The sole party to file a Rule C(6) claim was Landweer.

Plaintiff moves for an in rem order of default against all parties who have not filed Rule C(6) claims, an in rem judgment foreclosing the preferred marine mortgages, an order awarding attorney's fees, an order directing the sale of the September Morn, and an order establishing priority of the maritime liens asserted against the September Morn.

There has been no opposition filed against any of these motions except for Landweer's assertion that it has a maritime lien which is superior to plaintiff's preferred marine mortgages.

## ANALYSIS

*I. Existence and Priority of Landweer's Maritime Liens*

Plaintiff argues that Landweer does not have a maritime lien under 46 U.S.C. § 31341 et seq.[1] as a "necessity." Plaintiff asserts that "necessity" has historically been confined to a physical contribution to a vessel which has a direct relation with her ability to engage in navigation. Plaintiff also argues that maritime liens are *stricti juris* and should not be extended by inference or analogy.

Additionally, plaintiff argues that even if Landweer is found to have a maritime lien, that said lien should be subordinated to plaintiff's preferred marine mortgage.

The court is persuaded by Landweer's arguments to the contrary. A maritime lien for a necessity has been recognized both historically, *see e.g. The General Smith,* 17 U.S. (4 Wheaton) 438, 442, 4 L.Ed. 609 (1819), and by statute, 46 U.S.C. § 31301 et seq. Under the latter law, "necessity" has been given a broad reading. Gilbert & Black, *The Law of Admiralty,* § 9–35 ("Assuming its maritime nature, almost any type of service claim will today be held within the Lien Act....")

"The term 'necessary' under the FLMA [Act] includes most goods or services

---

1. These sections, along with § 31301(4), recodify 46 U.S.C. § 971. Congress did not intend the changes in language made in this recodification to effect any substantive change in the case law which had come to surround "necessity" and which determined whether providing certain types of services give rise to maritime liens. *See* H.R. No. 100–918, U.S.Code Cong. & Admin. News 1988, p. 6104.

that are useful to the vessel, keep her out of danger, and enable her to perform her particular function.... What is 'necessary' is to be determined relative to the requirements of the ship."

*Foss Launch & Tug Co. v. Char Ching Shipping U.S.A.*, 808 F.2d 697, 699 (9th Cir.1987) *cert. denied* 484 U.S. 828, 108 S.Ct. 96, 98 L.Ed.2d 57 (1986) quoting *Equilease Corp. v. M/V Sampson*, 793 F.2d 598, 603 (5th Cir.1986) *cert. denied* 479 U.S. 984, 107 S.Ct. 570, 93 L.Ed.2d 575 (1986).

It is uncontroverted that Landweer performed services essential to the lawful operation of the September Morn. Such services are therefore "necessary," as the term is used in 46 U.S.C. § 31301 et seq. *See Jan C. Uiterwyk Co., Inc. v. MV Mare Arabico*, 459 F.Supp. 1325 (D.Maryland 1978) (maritime lien for necessities awarded to agent preparing legal documentation for vessel); *Matter of the Queen, Ltd.*, 1973 A.M.C. 646 (E.D.Pa.1973, per Referee in Bankruptcy Court) (claims for clerical services furnished to former Queen Elizabeth recognized as necessities for purposes of maritime lien).

Each set of services performed by Landweer thus gives rise to maritime liens under 46 U.S.C. § 31342. Each lien arose at the time the services were performed, i.e., before plaintiff's respective marine mortgages became preferred. Therefore, each of Landweer's liens is a preferred maritime lien in regards to plaintiff's respective preferred marine mortgages. 46 U.S.C. § 31301(5)(A). Pursuant to 46 U.S.C. § 31326(b)(1), Landweer's maritime liens for necessities have priority over plaintiff's respective preferred marine mortgages.

Accordingly, Landweer will be held to have preferred maritime liens for the value of the services it rendered. Additionally, Landweer's claims for interest at 1½% per month will be allowed as part of said liens. *See Sandoval v. Mitsui Sempaku K.K. Tokyo*, 460 F.2d 1163, 1171 (1972). Plaintiff's preferred marine mortgages will be subordinated to Landweer's resulting preferred maritime liens.

## II. Parties' Request For Attorneys' Fees

Plaintiff requests that it be awarded $1,320.00 in rem in attorneys' fees for its efforts in foreclosing the preferred maritime mortgages. The request is unopposed. The requested amount is reasonable and will be awarded.

Landweer argues that plaintiff has benefitted from Landweer's services and "is forcing Landweer to litigate its claim for $934.49, plus interest, knowing that attorneys' fees are not routinely recoverable by maritime lien creditors." Memorandum in Opposition to Plaintiff's Motion For Summary Judgment, p. 10. On this basis, Landweer requests that the court exercise its equitable powers and award Landweer its actual fees and expenses as "expenses and fees" under 46 U.S.C. § 31326(b)(1).

Landweer accurately observes that maritime lien creditors are not usually awarded attorney's fees, *see Sandoval*, 460 F.2d at 1171, and this court will not award them in this case.

## III. Order of Default In Rem, Summary Judgment, and Order of Sale

Plaintiff requests entry of a default judgment in rem. Plaintiff presents evidence of proper notice of the action and the arrest having been provided to all parties. Accordingly, a judgment in rem will be entered which shall be binding on all parties who have failed to file notices of claim against the September Morn pursuant to Rule C(6).

Plaintiff also requests that a summary judgment be entered foreclosing its preferred marine mortgages on the September Morn and that an order of sale be issued for the vessel. As neither motion is opposed, both will be granted.

## CONCLUSION

It is therefore ORDERED, ADJUDGED and DECREED,

(1) That claimant Robert E. Landweer & Company, Inc., have a preferred maritime lien for $934.49 plus interest at the rate of 1½% per month;

(2) That Landweer's preferred maritime lien is superior to plaintiff's preferred marine mortgage;

(3) That plaintiff is awarded $1320.00 in rem in attorneys' fees;

(4) That Landweer's requests for costs and attorneys' fees is DENIED;

(5) That a default judgment in rem is entered against the interests of all parties who have not made proper filing of such interests under Rule C(6) in this suit;

(6) That the preferred marine mortgages on the September Morn, Off. No. 570599, her engines, machinery, and appurtenances, etc., in favor of plaintiff are hereby foreclosed. It is further ordered that plaintiff shall have judgment in rem against September Morn, Off. No. 570599, her engines, machinery, and appurtenances, etc., in the amount of $286,-991.80 with per diem interest thereon at $84.96 from June 7, 1990 until the date of this order, and interest thereafter as prescribed by 28 U.S.C. § 1961; and

(7) That plaintiff's motion for sale of the September Morn is GRANTED. It is ordered that the United States Marshal shall, pursuant to Local Admiralty Rules 145 and 150, cause the September Morn, Off. No. 570599, her engines, machinery, and appurtenances, etc., to be sold free of all liens and encumbrances on November 15, 1990 at 10:00 a.m. It is further ordered that at said sale, plaintiff shall be permitted to bid all or part of its judgments hereunder, plus accrued interest and accrued costs in custodia legis, without cash deposit.